UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AJA DEION LACEY,

                Plaintiff,

    v.

STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*,

                Defendants.

CASE NO. 3:24-cv-05327-TMC

REPORT AND RECOMMENDATION

Noting Date: July 31, 2024

       The District Court has referred Plaintiff Aja Deion Lacey's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22.

       On April 30, 2024, Plaintiff filed a proposed Complaint and an Application to Proceed IFP, that is, without paying the filing fee for a civil case. *See* Dkts. 1, 1-1. On May 15, 2024, the Court screened Plaintiff's Proposed Complaint and found it was deficient because Plaintiff failed to state a claim upon which relief may be granted. *See* Dkt. 3. In that Order, the Court gave Plaintiff leave to file an amended complaint to cure the deficiencies by June 17, 2024, and re-noted the pending IFP Application. *Id*. The Court warned that failure to file a proposed amended

REPORT AND RECOMMENDATION - 1

complaint would result in the Court recommending the dismissal of this matter without prejudice. *Id*.

On May 20, 2024, Plaintiff filed a proposed Amended Complaint. Dkt. 4. However, upon screening, the Court found the proposed Amended Complaint failed to state a plausible claim for relief. Dkt. 5. The Court again gave Plaintiff leave to file an amended complaint to cure the deficiencies, and warned that if Plaintiff did not do so by July 5, 2024, the Court would recommend dismissal of this matter without prejudice. *Id*. In that Order, the Court also re-noted the pending IFP Application for July 5, 2024. *Id*.

Plaintiff has failed to comply with the Court's Order. He has not filed a proposed second amended complaint correcting the deficiencies contained within the proposed Amended Complaint or otherwise responded to the Court's Order.[1] As Plaintiff has failed to respond to the Court's Order and prosecute this case, the Court recommends this case be **DISMISSED without prejudice** and the IFP Application (Dkt. 1) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

---

[1] After the Court issued its second Order directing Plaintiff to file an amended complaint, on June 10, 2024, Plaintiff filed a proposed Motion requesting court-appointed counsel. Dkt. 6. However, without a complaint asserting plausible claims for relief, the Court is unable to determine whether "exceptional circumstances" warrant the appointment of counsel in this case. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (stating courts must determine whether "exceptional circumstances" warrant the appointment of counsel in a given case by evaluating "the likelihood of [a plaintiff's] success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.") (citations omitted).

REPORT AND RECOMMENDATION - 2

1  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 31,
2  2024, as noted in the caption.
3      Dated this 17th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3